IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL HENRY DOWN,

    Petitioner,                    No. CIV S-09-2794 MCE EFB P

    vs.

J. HAVILAND, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

                            /

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 27, 2010, respondent filed a motion to dismiss the petition, contending that the claims raised therein had not been properly exhausted. Dckt. No. 11. Respondent further argues that, to the extent petitioner raises challenges to his conviction or sentence, such claims are untimely. For the following reasons, the undersigned recommends that respondent's motion to dismiss be granted in part and denied in part.

**I. Exhaustion**

       A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

1

Exhaustion of state remedies requires that a petitioner fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotation marks omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

Petitioner filed a habeas petition in the California Supreme Court on March 24, 2009. Resp.'s Mot. to Dism., Ex. 2. The California Supreme Court denied the petition with citation to *People v. Duvall*, 9 Cal.4th 464, 474 (1995). *Id.*, Ex. 3. The instant petition followed, raising these federal claims[1]:

(1) California's Proposition 9, which increased the periods between parole hearings, is an unconstitutional ex post facto law (Pet. at 4);

(2) The California Board of Parole Hearings ("BPH") deprived petitioner of due process when it prevented him from cross-examining his "accusers" and objecting to "BPH false testimony" (*id.*);

(3) The BPH deprived petitioner of equal protection (*id.*);

(4) Increased victim participation in petitioner's parole consideration hearing

---

[1] The numbers used to label petitioner's claims herein have been assigned by the court for ease of reference, as plaintiff's listed grounds for relief each contain numerous legal claims, as does the memorandum attached to the form petition.

2

pursuant to Proposition 9 violated "the Privacy Act" (*id.*);

(5) The BPH's exercise of sentencing functions violates "the Separation of Powers Doctrine" (*id.* at 4);

(6) The BPH violated petitioner's Eighth Amendment right to be free from cruel and unusual punishment (*id.* at 8);

(7) The BPH violated *Blakely*, *Apprendi*, and *Cunningham* by accusing petitioner of crimes he did not commit (*id.* at 10);

(8) The BPH denied petitioner parole despite the absence of "some evidence" of his current dangerousness (*id.* at 10-11).

Respondent contends that these claims are unexhausted, because the California Supreme Court's denial of the claims with citation to *Duvall* shows that petitioner failed to fairly present the claims to that court.

*Duvall*, at the page cited by the California Supreme Court, held that a habeas petitioner, to satisfy his or her initial pleading burden of stating grounds sufficient for relief, should "state fully and with particularity the facts on which relief is sought" and "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." *Duvall*, 9 Cal.4th at 474. The California Supreme Court's citation to these authorities in denying a petition for writ of habeas corpus indicates the court's conclusion that the claims therein have not been stated with sufficient particularity. *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986); *Green v. Clark*, No. 1:09-cv-01518 OWW MJS HC, 2010 U.S. Dist. LEXIS 92676, *13-14 (E.D. Cal. Sept. 7, 2010). Failure to state claims with sufficient particularity is a defect that can be cured by a renewed petition to the court. *Kim*, 799 F.2d at 1319. Accordingly, where a claim could have been stated with greater particularity, the claim has not been exhausted until the petitioner files a renewed petition with the California Supreme Court curing the deficiency, and has therefore given that court the required fair opportunity to correct the constitutional violation. *Id.* at 1319-20. However, where the claims are incapable of being alleged with any greater particularity, "the California Supreme Court's denial for lack of particularity amounts to a holding that the claims themselves are

defective" and the claims are therefore exhausted without any need to file a renewed petition in the California Supreme Court. *Id.* A claim has been fairly presented to the California Supreme Court despite that court's denial of the claim with citation to *Duvall* where the state petition's allegations "reveal the substance" of the claim or where the allegations present a purely legal question. *Id.* at 1320-21.

Under *Kim*, this court must independently examine the state-court petition to determine whether the claims raised therein were capable of being alleged with greater particularity and are therefore unexhausted. *Id.* at 1320.

**II. Claims**

Claim (1). In Claim (1), petitioner alleges that Proposition 9 constitutes an ex post facto law prohibited by the U.S. Constitution. Petitioner included this claim in his state court petition. Resp.'s Mot. to Dism., Ex. 2 at 3. The claim presents a purely legal issue – whether a state law, enacted after a petitioner's sentencing, that extends the periods between parole suitability hearings constitutes an ex post facto law. Thus, the claim was fairly presented to the California Supreme Court and has been properly exhausted. *See Kim*, 799 F.2d at 1320-21.

Claim (2). In Claim (2), petitioner alleges that the BPH deprived him of due process when it did not allow him to (1) object to testimony he claims is false regarding "crimes not committed by petitioner" or (2) cross-examine "accusers." Petitioner included these allegations in his state petition. There, he alleged that the BPH told him he could not object and denied him the right to question his accusers, whom he identified as victims participating in the hearing who accused him of crimes of which he had not been convicted. Resp.'s Mot. to Dism., Ex. 2 at 8, 12, 14, 16. These allegations reveal the substance of petitioner's claim that he was denied due process at his parole consideration hearing, and thus the claim was fairly presented to the state court and has been properly exhausted. *See Kim*, 799 F.2d at 1320-21.

Claim (3). It is not clear from the face of the federal petition what acts petitioner believes violated equal protection, but his state petition alleges that the BPH discriminates against "lifers"

4

as a class. Resp.'s Mot. to Dism., Ex. 2 at 4. Petitioner failed to allege in his state petition how the BPH discriminates against "lifers". As the state petition did not "reveal the substance" of this claim, petitioner was to file a renewed petition with that court stating the claim with sufficient particularity. Accordingly, the claim has not been properly exhausted and should be dismissed without prejudice.

Claim (4). Petitioner's federal claim that "the Privacy Act" was violated by the reading of his psychiatric record at the parole consideration hearing (denoted claim (4) above) was not included in his petition to the California Supreme Court. That petition contains no reference to "the Privacy Act," and claim (4) has therefore not been exhausted as required by 28 U.S.C. § 2254(b)(1). Accordingly, the motion to dismiss should be granted as to petitioner's "Privacy Act" claim, and the claim should be dismissed without prejudice.

Claim (5). Petitioner's claim that the BPH's exercise of sentencing functions violates separation of powers principles was raised in his petition to the California Supreme Court, Resp.'s Mot. to Dism., Ex. 2 at 6, and presents a purely legal question. Thus, the claim was fairly presented to the California Supreme Court and has been properly exhausted. *See Kim*, 799 F.2d at 1320-21.

Claim (6). Petitioner included his claim that the BPH's decision to deny him parole and defer his next parole consideration hearing for 15 years subjected him to cruel and unusual punishment in his petition to the California Supreme Court. Resp.'s Mot. to Dism., Ex. 2 at 8. There, he alleged that "[t]he BPH's use of Prop. 9 has in essence 're-sentenced' petitioner to an additional fifteen (15) years in prison unlawfully which . . . constitutes 'cruel & unusual' punishment under the Eighth Amendment of the U.S. Constitution." *Id.* These allegations revealed the substance of the claim and it has therefor been fairly presented to the California Supreme Court and properly exhausted. *See Kim*, 799 F.2d at 1320-21.

Claim (7). In his claim (7), petitioner alleges that "the Board members accuse[d] Petitioner of crimes never committed in violation of Apprendi, Blakely, and in Cunningham

5

1  [sic]." Pet. at 10. Petitioner included this claim in his petition to the California Supreme Court,

2  where he alleged,

> Prop. 9's greatly expanded victim participation in parole hearings, including <u>unlimited</u> victim statements alleging or accusing the inmate of other crimes or misconduct which have never been charged, proven in Court or <u>reliably</u> established with <u>admissible evidence</u> violates the Sixth Amendment right to <u>confront and cross-examine</u> accusers as well as the right to trial by jury. See, <u>Blakely v. Washington</u> & <u>Apprendi v. New Jersey</u>.

7  Resp.'s Mot. to Dism., Ex. 2 at 12 (underscore in original); *see also id.* at 14, 16. These

8  allegations revealed the substance of claim (7). Accordingly, petitioner fairly presented it to the

9  state court, and the claim has been properly exhausted. *See Kim*, 799 F.2d at 1320-21.

10  <u>Claim (8)</u>. In his claim (8), petitioner alleges that "there is absolutely no nexus that

11  Petitioner's crime related to present behavior presents a risk to public safety which is evident by

12  Petitioner's spotless prison programming record," and cites several cases, including *Hayward v.*

13  *Marshall*, 603 F.3d 546 (9th Cir. 2010) and *In re Danneberg*. 34 Cal.4th 1061 (2005).

14  Petitioner's allegations and citations to *Hayward* and *Marshall* make clear that petitioner claims

15  that the BPH's decision to deny him parole was not based on "some evidence" of current

16  dangerousness and thus deprived him of due process. Petitioner raised the same claim in his

17  petition to the California Supreme Court. Resp.'s Mot. to Dism., Ex. 2 at 13-15. There, claimed

18  that his parole denial was "based on no 'some evidence'" and further alleged that he has a

19  "spotless prison record" and that certain factors relied on by the BPH in denying parole were

20  applied erroneously to his case. *Id.* at 8, 13-15. He also cited to *Hayward* and *Dannenberg*. *Id.*

21  at 4. These allegations revealed the substance of claim (8) to the California Supreme Court.

22  Because the claim was fairly presented to the state court, it has been properly exhausted.

23  **III. Parole Suitability Challenges**

24      As summarized above, petitioner's claim (8) challenges the BPH's decision to deny

25  petitioner parole as unsupported by "some evidence" of petitioner's current dangerousness.

26  ////

Since the petition and respondent's motion to dismiss were filed, the U.S. Supreme Court decided *Swarthout v. Cooke*, No. 10-333, __ U.S. __, 2011 U.S. LEXIS 1067 (January 24, 2011). In *Swarthout*, the Court held that the federal Due Process Clause does not require that the BPH base a parole denial decision on "some evidence" of current dangerousness, but instead that the "some evidence" requirement is solely a matter of state law not cognizable in a federal habeas petition. *Id.* at \*6-7. Instead, all that the federal Due Process Clause requires is that the state provide the petitioner with a hearing and a statement of reasons why parole was denied. *Id.* Petitioner does not claim that he was not provided a hearing or statement of reasons. In fact, his petition makes apparent that he was given a hearing and a statement of reasons. Dckt. No. 1 at 32-47 (statement of reasons), 51-59 (excerpts from hearing transcript).

While respondent has not raised the issue of whether petitioner's claim (8) is cognizable in a federal habeas action (as the motion to dismiss predated the decision in *Swarthout*), the court has authority to *sua sponte* dismiss this claim as it is now apparent that petitioner cannot obtain relief on the claim. *See* Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts. As claim (8) is not viable as a matter of law under *Swarthout*, it should be dismissed.

**IV.  Conviction and Sentence Challenges**

Respondent argues that, to the extent petitioner challenges his conviction and sentence, such challenges are untimely. The court has reviewed the petition and finds no such challenges contained therein.

**V.  Recommendation**

For the foregoing reasons, it is hereby RECOMMENDED that:

1. Respondent's August 27, 2010 motion to dismiss (Docket No. 11) be granted in part, and petitioner's claims that the BPH violated his rights under "the Privacy Act" and the Equal Protection Clause be dismissed without prejudice for failure to exhaust state court remedies;

2. Respondent's August 27, 2010 motion to dismiss be otherwise denied; and

////

7

     3. Petitioner's claim that the BPH deprived him of procedural due process by denying him parole absent "some evidence" of his current dangerousness be dismissed with prejudice.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE