IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL HENRY DOWN,

    Petitioner,               2:09-cv-2794-MCE-EFB-P

    v.

J. HAVILAND, Warden, et al.,

    Respondents.        ORDER

_____/

    Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On February 14, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner and Respondents have filed objections to the findings and recommendations.

    In their objections, Respondents presented numerous arguments that are fundamentally different from those advanced in their motion to dismiss. Specifically, Respondents argue that Petitioner's claim that California's Proposition 9 violates ex post facto laws should be dismissed as duplicative of a class action suit already pending in this court and because "the Ninth Circuit

recently reversed a preliminary injunction of Proposition 9, finding that the plaintiffs...were unlikely to succeed on the merits of the ex post facto challenge." Respondents' Objections, 2:5-8. Respondents further contend that Petitioner's claim that he was unconstitutionally prevented from confronting and cross-examining his accusers is flawed because "inmates do not have a federal right to confrontation or cross-examination at parole hearings." Id., 3:16-17. Respondents finally argue that Petitioner's Cruel and Unusual Punishment claim is meritless and that Petitioner's claim based on Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004) is flawed because those cases apply only to criminal sentencing, not to parole hearings.

      This is not a case in which a pro se party, ignorant of the law, offered crucial facts and arguments only when he understood what was necessary to defend against a dispositive motion. See Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (district court abused its discretion in failing to consider evidence offered by the pro se plaintiff in objections to the magistrate judge's findings and recommendations where the objections were signed under penalty of perjury and included an explanation of his religious beliefs in opposition to summary judgment); Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002) (district court abused its discretion in failing to consider an equitable tolling claim raised by the petitioner for the first time in objections to the magistrate judge's findings and recommendations where the petitioner was proceeding pro se and in forma pauperis, had a third-grade education, was functionally illiterate, and was making a relatively novel claim under a relatively new statute). To the contrary, Respondents are represented by the Attorney General's Office of the State of California and were thus well-equipped to raise the above arguments in their original motion. Accordingly, the Court declines to exercise its discretion to consider Respondents' new arguments presented for the first time in their objections to the findings and recommendations. See Espinoza-Matthews v. California, 432 F.3d 1021,

1026 n.4 (9th Cir. 2005); <u>United States v. Howell</u>, 231 F.3d 615, 621-622 (9th Cir. 2000).[1]

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

    Accordingly, IT IS HEREBY ORDERED that:

    1. The findings and recommendations filed February 14, 2011 (ECF No. 16) are adopted in full;

    2. Respondents' August 27, 2010 motion to dismiss (ECF No. 11) is granted in part, and Petitioner's claims that the BPH violated his rights under "the Privacy Act" and the Equal Protection Clause are dismissed without prejudice for failure to exhaust state court remedies;

    3. Respondents' August 27, 2010 motion to dismiss is otherwise denied; and

    4. Petitioner's claim that the BPH deprived him of procedural due process by denying him parole absent "some evidence" of his current dangerousness is dismissed with prejudice.

Dated: March 29, 2011

_[signature]_
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Respondent, of course, may make a properly presented motion challenging Petitioner's claims on the merits if otherwise appropriate and supported.