IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL HENRY DOWN, | No. 2:09-cv-02794-MCE-EFB P |
| Petitioner, | |
| vs. | ORDER |
| J. HAVILAND, Warden, | |
| Respondent. | |
| _____/ | |

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 14, 2011, the magistrate judge issued findings and recommendations on respondent's motion to dismiss, recommending that the motion be granted in part, denied in part, and that one of petitioner's claims be dismissed by the court sua sponte as foreclosed by a recent U.S. Supreme Court decision. ECF No. 16. This court adopted those findings and recommendations on March 29, 2011. ECF No. 19.

    Petitioner now seeks clarification of the court's findings and recommendations and order. ECF No. 20. He states that he is unsure whether his petition has been dismissed and has accordingly filed a notice of appeal and a motion for certificate of appealability, to be effective only if the case has been dismissed.

ECF Nos. 21, 22; *see* ECF No. 20 at 3 ("[I]f the instant writ petition is not being denied/dismissed, the above Notice of Appeal & Certificate of Appealability can be disregarded at this time").

The court will grant petitioner's motion for clarification and provides the following clarification:

For ease of reference, the court denoted plaintiff's claims as numbered (1) through (8):

(1) California's Proposition 9, which increased the periods between parole hearings, is an unconstitutional ex post facto law (Pet. at 4);

(2) The California Board of Parole Hearings ("BPH") deprived petitioner of due process when it prevented him from cross-examining his "accusers" and objecting to "BPH false testimony" (*id.*);

(3) The BPH deprived petitioner of equal protection (*id.*);

(4) Increased victim participation in petitioner's parole consideration hearing pursuant to Proposition 9 violated "the Privacy Act" (*id.*);

(5) The BPH's exercise of sentencing functions violates "the Separation of Powers Doctrine" (*id.* at 4);

(6) The BPH violated petitioner's Eighth Amendment right to be free from cruel and unusual punishment (*id.* at 8);

(7) The BPH violated *Blakely*, *Apprendi*, and *Cunningham* by accusing petitioner of crimes he did not commit (*id.* at 10);

(8) The BPH denied petitioner parole despite the absence of "some evidence" of his current dangerousness (*id.* at 10-11).

The court concluded that claims (3) and (4) had not been exhausted and accordingly dismissed them without prejudice. ECF No. 16 at 2-3, 7; ECF No. 19 at 3. The court further found that the U.S. Supreme Court's recent decision in *Swarthout v. Cooke*, No. 10-333, __ U.S. __, 2011 U.S. LEXIS 1067 (January 24, 2011) foreclosed petitioner's claim (8) and thus dismissed that claim with prejudice. ECF No. 16 at 6-8; ECF No. 19 at 3.

Thus, petitioner's claims (1), (2), (5), (6), and (7) remain to be adjudicated on the merits, and the petition has not been dismissed in its entirely nor has any final judgment been entered.

///

Petitioner expresses some concern that claim (8) was dismissed with prejudice. Petitioner is advised that, under *Swarthout*, he has no federal constitutional right to "some evidence" of current dangerousness supporting his parole denial. Claim (8) is simply no longer legally viable.

As the petition remains pending as to several claims, the court will deny petitioner's motion for certificate of appealability and order that the notice of appeal be stricken, in accordance with petitioner's representation that he wishes to appeal only if the court's March 29, 2011 order dismissed the petition.

Accordingly, it is hereby ORDERED that:

1. Petitioner's April 18, 2011 motion for clarification (ECF No. 20) is granted.

2. Petitioner's April 18, 2011 Notice of Appeal (ECF No. 21) is stricken.

3. Petitioner's April 18, 2011 Motion for Certificate of Appealability is denied.

Dated: May 3, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE