IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL HENRY DOWN,

    Petitioner,                   No. 2:09-cv-2794 MCE EFB P

    vs.

J. HAVILAND, et al.,

    Respondents.               ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 28, 2012, petitioner filed a document entitled "Petition to Supplement Ancillary Expanded Subject Matter to Existing Petition for Writ of Habeas Corpus." Dckt. No. 27. In the document petitioner explains that he wishes to expand on "issues already in litigation" and that the motion "is not meant to introduce new issues." *Id*. at 1.

    The motion alleges that the Board of Parole Hearings violated his right to due process by disregarding the matrix guidelines and failing to consider petitioner's good time credits. *Id*. at 1-2. Petitioner claims that this conduct "has resulted in detention disproportionate to Petitioner's sentence" and amounts to a violation of "the Separation of Powers Doctrine." *Id*. at 2. While petitioner's habeas petition contains a claim that the BPH violates the Separation of Powers Doctrine by assuming sentencing function of a court, the petition contains no allegations

1

concerning the BPH's use of the matrix guidelines or failure to consider petitioner's good time credits. *See* Dckt. No. 1. The pending motion's reference to a violation of the "Separation of Powers Doctrine" appears to be nothing more than an attempt to tie the newly asserted allegations to a claim asserted in this petition.

Contrary to petitioner's representation, through the instant motion petitioner attempt to assert a new claim for relief. However, petitioner must amend his petition to assert a new claim. Because more than 21 days have passed since the date respondent filed an answer to the petition, petitioner may amend the petition only with respondents' written consent or the court's leave. Fed. R. Civ. P. 15(a)(2); Rule 12, Rules Governing Section 2254 Cases. There is no indication that respondent has given written consent, and petition has not sought leave from the court to amend his petition.

Furthermore, the instant motion cannot properly be construed as a request to amend the petition, as it does not comply with the court's local rules. Local Rule 220 provides:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by Court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.

Here, the pending motion only contains a single new claim and does not include the claims asserted in the original petition. It is clear from the instant motion that petitioner does not wish to abandon his pending claims, but merely wishes to augment his petition. Furthermore, petitioner has not filed a proposed amended petition as required when seeking leave to amend. E.D. Cal. Local Rule 137(c).

As petitioner has not requested leave of court to amend his petition, the instant motion will be denied. The denial is without prejudice to petitioner filing a motion to amend his petition. If petitioner decides to seek amendment, he is admonished that he must demonstrate that any new claims have been properly exhausted by presenting them to the California Supreme Court or that state remedies are no longer available. He must also assert all new claims within

the one-year statutory period provided by 28 U.S.C. § 2244(d)(1). Further, any motion to amend must be accompanied by a proposed amended petition that is complete in itself without reference to any prior petition. However, should petitioner decline to seek amendment, the matter will stand submitted for decision on the claims currently before the court.

Accordingly, it is hereby ORDERED that:

1. Petitioner's December 28, 2012 motion, Dckt. No. 27, is denied without prejudice to filing a motion to amend the petition;

2. Petitioner may file a motion to amend the petition within 30 days of the date of this order; and

3. Should petitioner decline to file a motion to amend the petition within 30 days, the matter will stand submitted for decision on the claims in the October 7, 2009 petition currently pending before the court.

DATED: March 7, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3