IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL HENRY DOWN,

      Petitioner,                      No. 2:09-cv-2794 TLN EFB P

   vs.

J. HAVILAND,

      Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the decision of the California Board of Parole Hearings (hereinafter "Board" or "BPH") to deny him parole at a parole consideration hearing held on January 5, 2009, and to defer his next parole suitability hearing for fifteen years. For the reasons that follow, it is recommended that petitioner's Ex Post Facto challenge to his parole consideration hearing be dismissed without prejudice and that all other claims be denied.

**I.  Background**

      Petitioner is confined pursuant to a 1988 judgment entered against him in the Santa Monica County Superior Court following his conviction on charges of one count of second degree murder, three counts of attempted murder, three counts of assault with a deadly weapon, and six sentence enhancements for use of an assault weapon. Dckt. No. 1 at 1; Dckt. No. 25 at 1.

1

Petitioner was sentenced to thirty-seven years to life in state prison. *Id.*

The parole consideration hearing at issue in this federal habeas petition was held on January 5, 2009. Dckt. No. 25-1 at 25. Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for fifteen years, as well as the reasons for that decision. *Id.* at 25-34.[1]

Petitioner challenged the Board's 2009 decision denying him parole in a petition for writ of habeas corpus filed in the California Supreme Court on March 24, 2009. Dckt. No. 25-1, at 7, et seq. The Supreme Court denied that petition on August 19, 2009, with a citation to *People v. Duvall*, 9 Cal.4th 464, 474 (1995). *Id.* at 66.

Petitioner filed his federal petition for habeas relief in this court on October 7, 2009. On August 27, 2010, respondent filed a motion to dismiss the petition, contending that the claims raised therein had not been properly exhausted. Dckt. No. 11. On February 14, 2011, the undersigned issued findings and recommendations recommending that respondent's motion to dismiss be denied in part and granted in part. Dckt. No. 16. This court concluded that petitioner had raised the following claims for federal habeas relief:

> (1) California's Proposition 9, which increased the periods between parole hearings, is an unconstitutional ex post facto law (Pet. at 4);
>
> (2) The California Board of Parole Hearings ("BPH") deprived petitioner of due process when it prevented him from cross-examining his "accusers" and objecting to "BPH false testimony" (*id.*);
>
> (3) The BPH deprived petitioner of equal protection (*id.*);
>
> (4) Increased victim participation in petitioner's parole consideration hearing pursuant to Proposition 9 violated "the Privacy Act" (*id.*);

---

[1] Several pages from the Board's 2009 decision are missing from the transcript provided by both petitioner and respondents. *See* Dckt. No. 25-1 at 25-34, Dckt. No. 1 at 33-38, 43-46. Respondent informs the court that these pages were also missing from the record before the California Supreme Court. Dckt. No. 25 at 3 ¶ 9.

>    (5) The BPH's exercise of sentencing functions violates "the Separation of Powers Doctrine" (*id.* at 4);
>
>    (6) The BPH violated petitioner's Eighth Amendment right to be free from cruel and unusual punishment (*id.* at 8);
>
>    (7) The BPH violated *Blakely, Apprendi*, and *Cunningham* by accusing petitioner of crimes he did not commit (*id.* at 10); and
>
>    (8) the BOH denied petitioner parole despite the absence of "some evidence" of his current dangerousness (*id.* at 10-11).

*Id.* at 1-2.

By order dated March 29, 2011, the district judge assigned to this action adopted the findings and recommendations and respondent's motion to dismiss was denied in part and granted in part. Dckt. No. 19. The order concluded that claims (3) and (4) had not been exhausted and, accordingly, dismissed those claims without prejudice. *Id.* at 3. The court further found that the United States Supreme Court's decision in *Swarthout v. Cooke*, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (per curiam) foreclosed petitioner's claim (8) and that claim was dismissed with prejudice. *Id.*

In sum, claims (1), (2), (5), (6), and (7), as described above, remain to be adjudicated on the merits.

Respondent filed an answer to the federal habeas petition on June 26, 2012, and petitioner filed a traverse on July 23, 2012.

## II. Standards for a Writ of Habeas Corpus

### A. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

3

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (*citing Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

4

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.___,___,131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication

5

or state-law procedural principles to the contrary." *Richter*, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id*. at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___, U.S. ___, ___, 133 S.Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook,* 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Petitioner's Claims**

    **A. Ex Post Facto**

Petitioner's first claim for relief is that application of the provisions of California Proposition 9, also known as Marsy's Law, at his 2009 parole hearing violated the Ex Post Facto Clause of the United States Constitution because it increased the deferral period for his next parole suitability hearing and resulted in his serving a longer prison sentence. ECF 1 at 4, 17.

////

6

As discussed below, the undersigned finds this claim must be dismissed because petitioner is a member of the class in *Gilman v. Fisher*, No. CIV S-05-830 LKK GGH (*Gilman*), a class action lawsuit which addresses this issue.

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. CONST. art. I, § 10. "The Ex Post Facto Clause of the Constitution prohibits our state and federal governments from retroactively imposing additional punishment for commission of a criminal offense." *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1052 (9th Cir. 2012). A law violates the Ex Post Facto Clause of the United States Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. *Collins v. Youngblood*, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir. 2003) (quoting *Souch v. Schaivo*, 289 F.3d 616, 620 (9th Cir. 2002)). *See also Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the crimes. *Himes*, 336 F.3d at 854. Courts apply a two-step test to determine whether a newly enacted statute constitutes an additional form of punishment. *ACLU of Nev.*, 670 F.3d at 1053. The first step "requires courts to determine whether the legislature intended to impose a criminal punishment or whether its intent was to enact a nonpunitive regulatory scheme." *Id.* If the legislature intended to impose merely a civil regulatory regime, the court must determine whether "the law if 'so punitive either in purpose of effect as to negate the State's intention to deem it civil.'" *Id.* The retroactive application of a change in state parole procedures violates ex post facto only if there exists a "significant risk" that such application will increase the punishment for the crime. *See Garner v. Jones*, 529 U.S. 244, 259 (2000).

7

Petitioner was convicted and sentenced to thirty-seven years to life in prison in 1988, twenty years prior to the passage of Marsy's Law in November 2008. Marsy's Law amended California law governing parole deferral periods. *See Gilman v. Davis*, 690 F. Supp. 2d 1105, 1109–13 (E.D. Cal. 2010) (granting plaintiffs' motion for a preliminary injunction enjoining enforcement of Marsy's Law, to the extent it amended former California Penal Code § 3041.5(b)(2)(A)), *rev'd sub nom. Gilman v. Schwarzenegger*, 638 F.3d 1101 (9th Cir. 2011). Prior to the enactment of Marsy's Law, the Board deferred subsequent parole suitability hearings with respect to indeterminately-sentenced inmates for one year unless the Board determined it was unreasonable to expect that parole could be granted the following year. If that determination was made, the Board could then defer the inmate's subsequent parole suitability hearing for up to five years. *See* Cal. Pen. Code § 3041.5(b)(2) (2008). Marsy's Law, which applied to petitioner at the time of his 2009 parole suitability hearing, amended § 3041.5(b)(2) to impose a minimum deferral period for subsequent parole suitability hearings of three years, and to authorize the Board's deferral of a subsequent parole hearing for up to seven, ten, or fifteen years. *Id.* § 3041.5(b)(3) (2010).

One of the claims presented by the plaintiffs in the class action *Gilman* case is that the amendments to § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant risk of increasing the measure of punishment attached to the original crime." *Gilman*, No. 2:05-cv-0830-LKK-GGH, Dckt. No. 154–1 (Fourth Amended/Supplemental Complaint), Dckt. No. 183 (Mar. 4, 2009 Order granting plaintiffs' motion for leave to file a Fourth Amended/Supplemental Complaint.). With respect to this Ex Post Facto claim, the class in *Gilman* is comprised of "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." *Gilman*, Dckt. No. 340 (Apr. 25, 2011 Order amending definition of class.) The *Gilman* plaintiffs seek declaratory and injunctive relief, including a permanent injunction enjoining the Board from

enforcing the amendments to § 3041.5(b) enacted by Marsy's Law and requiring that the Board to conduct a new parole consideration hearing for each member of the class. *Gilman*, Dckt. No. 154–1 (Fourth Amended/Supplemental Complaint) at 14.

In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure a court may, but is not required to, permit members to opt-out of the suit. *Crawford v. Honig*, 37 F.3d 485, 487 n.2 (9th Cir. 1994). In certifying the *Gilman* class, the district court found that the plaintiffs satisfied the requirement of Rules 23(a) and 23(b)(2) that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *See Gilman*, Dckt. No. 182 (Mar. 4, 2009 Order certifying class pursuant to Fed. R. Civ. P. 23(b)(2), Dckt. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals Memorandum affirming district court's order certifying class.) According to the district court in *Gilman*, the members of the class "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." *Gilman*, Dckt. No. 296 (Dec. 10, 2010 Order) at 2; *see also* Dckt. No. 278 (Oct. 1, 2010 Order), Dckt. No. 276 (Sept. 28, 2010 Order), Dckt. No. 274 (Sept. 23, 2010 Order.) There is no evidence before the court at this time in this habeas action suggesting that petitioner has requested permission to opt out of the *Gilman* class action lawsuit.

Rather, petitioner alleges he is a California state prisoner who was sentenced to a life term in state prison with the possibility of parole for an offense that occurred before November 4, 2008. (Pet. at 1.) Accepting petitioner's allegations as true, he is a member of the *Gilman* class. Similar to the plaintiffs in *Gilman*, petitioner in this habeas action alleges that Marsy's Law violates the Ex Post Facto Clause because, when applied retroactively, it creates a risk of increasing the length of his punishment. Petitioner asks the court to issue a writ of habeas corpus. However, even if the court found that the Board's 2009 fifteen-year deferral of petitioner's next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle

9

petitioner to release on parole. Because his Ex Post Facto claim concerns only the timing of petitioner's next parole suitability hearing, success on that claim would not necessarily result in determinations that petitioner is suitable for release from custody on parole. Rather, petitioner's equitable relief would be limited to an order directing the Board to conduct a new parole suitability hearing and enjoining the Board from enforcing against petitioner any provisions of Marsy's Law found to be unconstitutional. This is the same relief petitioner would be entitled to as a member of the pending *Gilman* class action. *See Gilman*, Dckt. No. 154–1 (Fourth Amended/Supplemental Complaint) at 14.

Therefore, it appears clear that petitioner's rights will be fully protected by his participation as a class member in the *Gilman* case. Accordingly, the court recommends that petitioner's Ex Post Facto claim presented by him in this federal habeas action be dismissed without prejudice to any relief that may be available to him as a member of the *Gilman* class. *See Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result."); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications."); *Johnson v. Parole Board,* No. CV 12–3756–GHK (CW), 2012 WL 3104867, at * (C.D. Cal. June 26, 2012) (recommending dismissal of petitioner's Ex Post Facto challenge to Proposition 9 "without prejudice in light of the ongoing *Gilman* class action.") (and cases cited therein), *report and recommendation adopted by* 2012 WL 3104863 (C.D. Cal. July 25, 2012).

////

////

////

### B. Due Process

Petitioner's next claim is that the BPH violated his right to due process when it prevented him from cross-examining his "accusers" about crimes he did not commit, and from objecting to "BPH false testimony." Dckt. No. 1 at 4-5. He specifically objects to "Prop 9's expanded victims rights participation with false accusations of crimes not committed by Petitioner." *Id.* at 4.

As petitioner was advised in the February 14, 2011 findings and recommendations, the United States Supreme Court has held that the only inquiry on federal habeas review of a due process challenge to a denial of parole is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state. *Swarthout v. Cooke*, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (per curiam). In the context of a California parole suitability hearing, a petitioner receives adequate process when he/she is allowed an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 862 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979).

Petitioner has failed to show a violation of due process under these standards. Specifically, he has failed to demonstrate, or even to allege, that he was denied an opportunity to be heard at the 2009 parole suitability hearing, that he was not afforded access to his records in advance of the hearing, or that he was not notified as to the reasons parole was denied. Petitioner has also failed to cite any United States Supreme Court case holding that prisoners have a constitutional right to confront or cross-examine victims or witnesses who attend and speak at parole hearings. For all of these reasons, the petition for writ of habeas corpus should be denied on this due process claim.

////

### C. Separation of Powers

Petitioner claims that the BPH's exercise of its authority violates "the Separation of Powers Doctrine." Dckt. No. 1 at 4. More specifically, he argues that the BPH is usurping the duty of the courts to provide "sentencing functions" and is "ignoring legislative statutes" relating to release on parole. *Id.*

The federal doctrine of separation of powers is not expressly set forth in the United States Constitution. It is, rather, a doctrine inferred from the principles underlying the Constitution itself. *Springer v. Philippine Islands*, 277 U.S. 189, 201 (1927). This doctrine has not been extended to the states under the Fourteenth Amendment. *Hughes v. Superior Court*, 339 U.S. 460, 467 (1949) ("For the Fourteenth Amendment leaves the States free to distribute the powers of government as they will between their legislative and judicial branches"). *See also Dreyer v. Illinois*, 187 U.S. 71, 84 (1902) ("[w]hether the legislative, executive, and judicial powers of a state shall be kept altogether distinct and separate, or whether persons or collections of persons belonging to one department may, in respect to some matters, exert powers which, strictly speaking, pertain to another department of government, is for the determination of the state"); *Bennett v. People of State of California*, 406 F.2d 36, 38 (9th Cir. 1969) ("[t]he constitutionality, under the United States Constitution, of indeterminate sentence laws like California's and of delegation of the power to fix and refix terms and grant and revoke parole, such as that to the California Adult Authority, is too well established to require further discussion"); *Bean v. Nevada*, 410 F. Supp. 963, 966 (D. Nev. 1974) *aff'd*, 535 F.2d 542 (9th Cir. 1976) (the composition of the Nevada Board of Pardons is not subject to challenge under the federal doctrine of separation of powers). Accordingly, petitioner's claim that the BPT, a state agency, violates the federal doctrine of separation of powers must be denied.

The state law question of whether a state agency violates the doctrine of separation of powers contained in the California constitution is, of course, not cognizable in a federal habeas petition. *See McGuire*, 502 U.S. at 67-68 (writ of habeas corpus not available for interpretation

of state law); *Hinman v. McCarthy*, 676 F.2d 343, 349 (9th Cir. 1982) (alleged violation of the California Constitution does not present a question cognizable in a federal habeas corpus petition); *Bean*, 410 F. Supp. at 966 ("[t]he constitutionality of the Board's composition under the separation of powers provision of the Nevada State Constitution, Art. 3, sec. 1, is not a question cognizable in a federal habeas corpus proceeding"). Because state courts are the ultimate expositors of state law, federal courts are bound by their constructions of state law and are limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. *See Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995). For these reasons, petitioner's claim that the BPT violates the California doctrine of separation of powers must also be denied.

**D. Cruel and Unusual Punishment**

Petitioner claims that the decision of the BPH finding him unsuitable for parole and delaying his next parole suitability hearing (and therefore potentially his release) for fifteen years violated his Eighth Amendment right to be free from cruel and unusual punishment. Dckt. No. 1 at 8. He appears to be alleging that the Board's failure to find him suitable for release has improperly increased the length of his sentence, in violation of the Eighth Amendment.

The United States Supreme Court has held that the Eighth Amendment includes a "narrow proportionality principle" that applies to terms of imprisonment. *See Harmelin v. Michigan*, 501 U.S. 957, 996 (1991) (Kennedy, J., concurring). *See also Taylor v. Lewis*, 460 F.3d 1093, 1097 (9th Cir. 2006). However, successful challenges in federal court to the proportionality of particular sentences are "exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289-90 (1983). *See also Ramirez v. Castro*, 365 F.3d 755, 775 (9th Cir. 2004). "The Eighth Amendment . . . forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring) (citing *Solem v. Helm*).

Contrary to petitioner's allegations, the Board did not change petitioner's indeterminate life sentence by virtue of its decision finding him unsuitable for parole and deferring his

suitability hearing for fifteen years. Petitioner has always been, and remains, subject to a term of life in prison, unless he is found suitable for release by the Board. Petitioner's indeterminate life sentence for second degree murder does not fall within the type of "exceedingly rare" circumstance that would support a finding that his sentence violates the Eighth Amendment. A life sentence for murder is not outside statutory limits for the crime of murder and is not grossly out of proportion so as to violate the Eighth Amendment. Accordingly, this claim should be denied.

### E. Right to a Jury Trial

Petitioner claims that the BPH violated the decisions of the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Cunningham v. California*, 549 U.S. 270 (2007) by accusing him of crimes he did not commit. Dckt. No. 1 at 10. Petitioner appears to be arguing that the Board's 2009 suitability decision violated his right to a jury trial on uncharged crimes.[3]

To the extent petitioner is arguing that he was punished for crimes he did not commit, his claim is vague, conclusory and lacks a factual basis, and should be denied on those grounds. *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)). Petitioner does not elaborate on this claim or explain how the Board's decision violates his Sixth Amendment rights. In any event, a Sixth Amendment claim lacks merit. "[T]he *Apprendi* cases do not suggest that there is a 'statutory maximum' shorter

---

[3] In *Apprendi*, the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court decided that a defendant in a criminal case is entitled to have a jury determine beyond a reasonable doubt any fact that increases the statutory maximum sentence, unless the fact was admitted by the defendant or was based on a prior conviction. *Blakely*, 542 U.S. at 303-04. In *Cunningham*, the Supreme Court held that California's Determinate Sentencing Law (DSL) violates a defendant's right to a jury trial to the extent it permits a trial court to impose an upper term based on facts found by the court rather than by a jury. *Cunningham*, 549 U.S. at 270.

14

than life, within an indeterminate sentence" and '[t]hus they do not apply to a denial of parole." *Lomas v. Hartley*, No. CV 10-3813 DDP (FFM), 2011 WL 3818878, at * 3 (C.D. Cal. May 19, 2011).

Any claim that the Board's failure to find him suitable for parole has transformed his sentence into one of life without the possibility of parole also lacks a factual basis and should be rejected. Petitioner's indeterminate life sentence has not been changed – petitioner is still eligible for parole. Because petitioner's sentence was not "increased" in any way by the Board's 2009 decision, his Sixth Amendment rights as described by the U.S. Supreme Court in *Apprendi, Blakely*, and *Cunningham* have not been violated. *Lomas*, 2011 WL 3818878, at * 3. *See also Hardwick v. Clarke*, No. CIV S-06-06772 LKK DAD P, 2010 WL 1444575, at *15, n.4 (E.D. Cal. Apr. 12, 2010) (rejecting similar claim since "petitioner's sentence has not been changed by the Board's actions because petitioner is still eligible for parole.")

For all of these reasons, petitioner is not entitled to federal habeas relief with respect to his Sixth Amendment claim.[4]

---

[4] Petitioner may also be arguing that Marsy's Law constitutes a Bill of Attainder. *See* Traverse at 5. "A law is an unconstitutional bill of attainder if it 'legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" *United States v. Lujan*, 504 F.3d 1003, 1006 (9th Cir. 2007) (quoting *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977)). Here, the Board did not determine petitioner's guilt or inflict punishment at his 2009 parole suitability hearing. The issues of petitioner's guilt and punishment were determined after a judicial trial in state court. *See Young v. Sisto*, No. CIV S-06-1103 VAP (HC), 2010 WL 2902349, at * 10 (E.D. Cal. July 22, 2010) ("Since Petitioner was sentenced to a total term of twenty-two years to life, with the possibility, not the guarantee of parole, 'the denial of parole does not impose an additional or more onerous punishment for his commitment offense' and 'is not a punishment in addition to that which he faced when he was convicted in judicial proceedings.'") (quoting *Woo v. Powers*, NO. EDCV 05-375-SJO (JC), 2008 WL 4361246, at *11, n. 12 (C.D. Cal. Sept. 15, 2008)). Accordingly, the bill of attainder clause is simply not applicable to petitioner's 2009 parole suitability hearing.

Petitioner may also be claiming that the Board's 2009 decision violated the Double Jeopardy Clause. Traverse at 5. The Double Jeopardy Clause of the Fifth Amendment commands that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." "Under this Clause, once a defendant is placed in jeopardy for an offense, and jeopardy terminates with respect to that offense, the defendant may neither be tried or punished a second time for the same offense." *Sattazahn v. Pennsylvania*, 537 U.S. 101, 106 (2003).
////

15

## IV. Evidentiary Hearing

Petitioner also requests that an evidentiary hearing be held on his claims for federal habeas relief.

Pursuant to 28 U.S.C. § 2254(e)(2), an evidentiary hearing is appropriate under the following circumstances:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense[.]

Under this statutory scheme, a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999). *See also Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir.

---

Petitioner's 2009 suitability hearing was not a new trial on the murder charges against him and it did not result in the imposition of any new punishment. Rather, it was a hearing to determine whether petitioner was at that time suitable for parole. The Board's decision that petitioner was not suitable for parole did not increase his sentence nor did it alter his conviction in any way. *See Mayfield v. Carey*, 747 F. Supp.2d 1200, 1212 (E.D. Cal. 2010) ("Petitioner's [Double Jeopardy] claim fails because the Board's decision did not subject him to either a second criminal prosecution or to multiple punishments for the commitment offense."); *DeSilva v. Allison*, No. 1:11-cv-0263-LJO-SKO-HC, 2011 WL 1326958, at *6 (E.D. Cal. Apr. 6, 2011) ("Petitioner was sentenced to a term of fifteen (15) years to life" and therefore "could not allege facts to constitute a cognizable claim that the denial of parole violated the Double Jeopardy Clause[.]") Accordingly, petitioner is not entitled to federal habeas relief with respect to any Double Jeopardy claim.

16

2005); *Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005). A petitioner requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief." *Earp*, 431 F.3d at 1167 (citing *Insyxiengmay*, 403 F.3d at 670, *Stankewitz v. Woodford*, 365 F.3d 706, 708 (9th Cir. 2004) and *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)). To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted).[5]

It does not appear from the record that the California courts made any independent evidentiary findings with respect to the issues raised in the pending petition. Therefore, review in this case is based upon the findings of the Board, which held a full suitability hearing in 2009, at which time it developed the facts. The court concludes that no additional factual supplementation is necessary in this case and that an evidentiary hearing is not appropriate with respect to the claims raised in the instant petition. The facts alleged in support of these claims, even if established at a hearing, would not entitle petitioner to federal habeas relief. Further, petitioner has not identified any factual conflict that would require this court to hold an evidentiary hearing in order to resolve. Therefore, petitioner's request for an evidentiary hearing should be denied as well.

////
////
////
////
////
////

---

[5] The Supreme Court has recently held that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits" and "that evidence introduced in federal court has no bearing on" such review. *Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1398, 1400 (2011).

## V. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's claim that his rights under the Ex Post Facto Clause were violated by the Board's 2009 decision to defer his next parole consideration hearing for a period of fifteen years be dismissed without prejudice to any relief that may be available to petitioner as a member of the class in *Gilman v. Fisher*, No. 2:05-cv-0830-LKK-GGH P, and denied in all other respects;

2. Petitioner's motion for an evidentiary hearing be denied; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: July 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE